IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMAD ABUSADEH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3155 |
| | § | |
| MICHAEL CHERTOFF, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Mohammad Abusadeh, moves for summary judgment on his claim that the defendants, the Secretary of the Department of Homeland Security, the Director of the United States Citizenship and Immigration Services (USCIS), the District Director of the Houston USCIS, and the Director of the FBI, should be compelled to act on his naturalization application. The plaintiff seeks relief under the Immigration and Nationality Act, 8 U.S.C. § 1447(b); the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedures Act, 5 U.S.C. § 706 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. § 2201. The relief sought is based in part on the recent decision by the United States Court of Appeals for the Fifth Circuit in *Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007), holding that federal district courts have jurisdiction over a claim arising from the USCIS's failure to act on a naturalization application within 120 days after the required examination of the applicant.

The plaintiff has moved for summary judgment on his requested relief: to have this court find that the defendants have unreasonably delayed in processing the naturalization

application and either order the defendants to complete the background check by a certain date and then determine the naturalization application itself or to remand the case with instructions that the defendants complete the FBI name checks within 60 days and adjudicate the case "immediately" thereafter. (Docket Entry No. 18, p. 21). In response, the defendants urge the court to deny the summary judgment motion, but do not oppose remanding to the USCIS to complete the naturalization process once the FBI finishes the background investigation. The primary issue is whether a time limit should be imposed on the agencies' actions.

I.     **Background**

On April 12, 2004, Abusadeh filed an application for naturalization. He was interviewed on August 17, 2004, before the FBI had completed his "name check." The USCIS cannot act on a naturalization application until the FBI name-check investigation is completed.

In 2006, Abusadeh filed suit in federal district court in the Southern District of Texas, seeking to have his naturalization application decided. He cited 8 U.S.C. § 1447(b). That case was remanded to the USCIS on the basis that the district court lacked jurisdiction. Abusadeh filed suit again in the District Court for the District of Columbia. That court denied the defendants' motion to dismiss and transferred the suit back to this district. The *Walji* case was decided during the pendency of Abusadeh's case. On October 17, 2007, Abusadeh filed an amended complaint in this court, alleging a claim under 8 U.S.C. § 1447(b). Abusadeh's motion for summary judgment, and the defendants' response agreeing to remand, but without a time limit, and seeking a dismissal of the agency heads other than

the Secretary responsible for the USCIS, followed.

## II.     The Statute and the Issue of Jurisdiction

The USCIS, acting on behalf of the Attorney General, has the primary authority to adjudicate applications to naturalize persons as citizens of the United States. 8 U.S.C. § 1421(a); Homeland Security Act of 2002, Pub. L. No. 107-296, § 1512(d), 116 Stat. 2135, 2310.  Typically, after receiving a naturalization application, the USCIS conducts an investigation of the applicant by performing fingerprinting, name, and other criminal and personal background checks. 8 U.S.C. § 1446. Among other things, the USCIS asks the FBI to conduct fingerprinting analysis and a name and background check. The USCIS personally interviews the applicant.  By regulation, the USCIS is supposed to wait until the FBI's background investigation is completed to interview the applicant.  *See* 8 C.F.R. § 335.2(b) (stating that the USCIS "will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed.").  Once the USCIS conducts an interview, it must render a decision within 120 days.  8 U.S.C. § 1447(b).[1]

---

[1] 8 U.S.C. § 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

In *Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007), the court held that a district court has jurisdiction to review a claim of unreasonable delay if the USCIS does not act on a naturalization application 120 days after the application interview. The court rejected the argument that the 120 days did not begin to run until after the background investigation was complete. The *Walji* court first noted that the express statutory language of 8 U.S.C. § 1447(b) supported the argument that the examination occurs on one particular date, which is inconsistent with a process that includes a full criminal background check. *Id*. at 436 The court stated, "the plain language suggests that the examination is a distinct, single event—the date on which the interview occurs—triggering the 120-day period, and not an ongoing fluid process encompassing the interview as well as the background investigation." *Id.* The *Walji* court also pointed to legislative history supporting the view that the 120-day statutory period begins after the USCIS conducts the interview. When Congress later established a 120-day limit in 1990, it used virtually identical language as that used in the proposed 1989 legislation. Finally, the court emphasized that defining "examination" in § 1447(b) to permit "virtually unbounded time to respond to naturalization applications . . . is contrary to the intended purpose of Congress in passing the Immigration and Nationality Act. A central purpose of the statute was to reduce the waiting time for naturalization applicants." *Id*. at 438 (internal citations and emphasis omitted).

The *Walji* court noted with sympathy that the FBI had faced an increased work load

since September 11, 2001, including a backlog of name-check requests. The *Walji* court also noted that it was the USCIS's own approach to the statute that triggered the courts' jurisdiction. The USCIS was not supposed to have conducted the examination before receiving the FBI report of its completed background investigation. Instead, the USCIS followed a procedure of conducting examinations in advance of the FBI investigation and report. "[B]ecause there is currently no required period of time for CIS to conduct the initial interview, CIS could avoid the jurisdiction of the courts by following its own order of events. . . . Nevertheless, because the clear intent of Congress was to accelerate naturalization applications, and the statutory and regulatory language gives a definite time frame for decision once an examination has occurred," the statute is violated if a decision has not been rendered within that time frame. *Id*. at 439. The *Walji* remanded to the district court to remand to the USCIS, "where there should be no impediment to the prompt resolution of the application." *Id.*

In the present case, the primary issue is not whether this court should remand for the USCIS to decide Abusadeh's naturalization application, but whether the remand should be accompanied with instructions imposing a time limit on the FBI and the USCIS to act. Abusadeh asks this court to remand solely to require the defendants to complete the necessary background check by a date certain, such as within 60 days, then to determine the naturalization application. Alternatively, Abusadeh asks this court to remand to order the defendants to complete the background check within 60 days and to adjudicate the naturalization application "immediately" afterwards. The defendants ask this court to remand without setting any time limits. The defendants also ask this court not to issue any

order to the FBI, which is not covered by 8 U.S.C. § 1447(b), and to dismiss the defendants other than the Secretary for the USCIS.

The defendants support their request with a lengthy affidavit explaining that many factors contribute to delays in the processing of name-check requests. The affidavit states that the USCIS often directs that a name check be handled on an "expedited" basis, which delays those not given such treatment. Abusadeh has not been "expedited," despite the three and one-half years that have elapsed since he sought naturalization. The affidavit also establishes that despite efforts to change and improve internal procedures that delay name checks, the FBI is unable to provide a time frame for completing any particular name check submitted by the USCIS. (Docket Entry No. 20, Ex. 3, Affidavit of Michael Cannon, Section Chief, National Name Check Program Section, FBI).

## III. Analysis

As a threshold matter, the defendants argue that the plaintiff is "estopped" by his prior lawsuit, which resulted in remand, or precluded by *res judicata* from relitigating the issue of this court's jurisdiction. At the same time, however, the defendants do not ask this court to dismiss this case, but rather concede that remand to the USCIS is appropriate.

This court agrees that remand is appropriate, but not based on lack of jurisdiction. This court's jurisdiction is established by *Walji*, which was issued—reversing prior Fifth Circuit precedent—while Abusadeh's case was pending. Neither estoppel nor preclusion prevents this court from determining whether to remand to the USCIS, whether to order the USCIS to act within certain time limits, whether to order the FBI to act within certain time limits, and whether to retain jurisdiction to monitor the completion of the name check and

the decision on the naturalization application.

Courts have issued a variety of orders in cases raising issues similar to those Abusadeh raises here. Both before and after *Walji* was decided in September 2007, most courts decline to decide the naturalization application. *See Immigration & Naturalization Service v. Ventura,* 537 U.S. 12, 16–17 (2002) (remand is generally the better course and "[t]his principle has obvious importance in the immigration context."); *see, e.g.*, *Manzoor v. Chertoff,* 472 F. Supp. 2d 801, 810 (E.D. Va.2007) (the USCIS possesses expertise in this area and should be given the opportunity to adjudicate plaintiffs' applications in the first instance). Some courts have remanded with orders that the agencies act expeditiously but without any specific deadlines. *See, e.g., Feldman v. Gonzales,* No. 1:07-CV-1694-RWS, 2007 WL 3477406, at *1–4 (N.D. Ga. Nov. 14, 2007) (noting that no federal law or regulation requires the FBI to act within a specific time to complete a name and background check and finding that the record contained no evidence or argument about whether the delay in conducting the plaintiff was unreasonable, the court remanded the plaintiff's application for naturalization to the USCIS under § 1447(b) with instructions that the USCIS expeditiously decide it when the FBI completed the name and background check; stayed the request for a mandamus writ to the FBI; and ordered the USCIS to provide the court with a status report in 90 days, stating that if the application had not been adjudicated at that point, the court would then rule on the mandamus writ); *Antonishin v. Keisler,* No. 06 CV 2518, 2007 WL 2788841, at *4 (N.D. Ill. Sept. 20, 2007) (stating that if the plaintiffs' applications were not resolved within a reasonable time after completion of the name checks, they could again seek appropriate judicial relief under § 1447(b)). Other courts, however, have imposed

time limits within which the FBI must complete the name and background check and the USCIS must act on the naturalization application. *See, e.g.*, *Zhu v. Chertoff*, --- F.Supp. 2d ----, 2007 WL 4365733 (W.D. Mo. Dec. 11, 2007) (remanding to USCIS with instructions that the FBI complete the plaintiff's name check in 90 days); *Alomari v. Keisler*, No. 07 Civ. 628 (RMB), 2007 WL 3255004, at *3 (S.D.N.Y. Nov. 1, 2007) ("Plaintiff's application is hereby remanded to USCIS with the following instructions: (i) the FBI shall expedite and complete Alomari's name check and report the results to USCIS by November 30, 2007; (ii) within 30 days of receiving the FBI's name check report, USCIS shall determine Alomari's application; and (iii) if Alomari is eligible for naturalization, USCIS should permit him to be sworn in as a citizen within 30 days of USCIS's determination of the application."); *Alhamedi v. Gonzales*, 2007 W: 1573935, at *4 (S.D.N.Y. May 30, 2007) (remanding the case for immediate resolution by the CIS and instructing the FBI to expedite and complete the plaintiff's name check within 30 days).

Based on the applicable authorities and the record in this case, it is clearly appropriate to remand rather than to adjudicate the naturalization application in this court. It is also appropriate to include time deadlines within which the USCIS must take certain actions. The courts have consistently recognized that the USCIS's inability to complete action on applications within the time period set by Congress is unreasonable. Accordingly, within 14 days from the date this order is issued, the USCIS must order the FBI to expedite Abusadeh's name check. The USCIS must decide Abusadeh's naturalization application within 60 days after the FBI completes the name check. The USCIS must permit Abusadeh to be sworn in as a citizen within 30 days after the application is decided, if it is granted.

The remaining issues are whether this court has the authority to, and should, order the FBI to complete the name check within a specific time. As noted, there is no statutory time limit within which the FBI must complete the name and background check. The FBI is, however, subject to the requirement of reasonable action. Abusadeh asks this court to use mandamus or the APA as the basis for ordering the FBI to act within a specific period on the basis that the extreme delay is unreasonable.

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1980). In general, a party seeking a writ of mandamus must show that he has no other adequate means to attain the relief sought and that his right to a particular result is "clear and indisputable." *Id.* at 35, 36. Similarly, among the prerequisites for judicial review under the APA is that "there is no other adequate remedy in a court." *Heckler v. Chaney,* 470 U.S. 821, 828 (1985) (quoting 5 U.S.C. § 704). The record in this case shows that there may be no other adequate means to attain relief other than to compel the FBI to act. The affidavit of Michael Cannon, section chief of the National Name Check Program Section at the FBI, establishes that the FBI cannot "even estimate" when Abusadeh's case will be reached or how long it will take to complete the name-check background review. (Docket Entry No. 20, Ex. 3 at ¶ 39). Without even an estimate as to when the FBI may complete its work, the statutory mandate imposed by Congress—that the USCIS must decide on a naturalization application within 120 days after the interview—is undermined.

The defendants are correct that delay, by itself, is an insufficient basis for mandamus. The record in this case, however, shows that the delay is extreme—three and one-half

years—and its causes difficult to address. The result of the extreme delay in the FBI performing name checks, combined with the USCIS's decision to interview applicants before the FBI completed its name check, means that Congress's effort to expedite naturalization applications by limiting the USCIS's time to act on them is frustrated.

The fact that § 1447(b) does not apply to the agency defendants other than the USCIS is not a sufficient basis to dismiss those defendants. That motion is denied. However, the court does recognize that the statute does not limit the FBI's time to act and that the FBI has not had an opportunity to act after receiving an instruction from USCIS to expedite Abusadeh's name-check review. Rather than impose a limit on the FBI's time to complete the name check on Abusadeh at this stage, this court will remand and allow the FBI an opportunity to complete the name check in a reasonably prompt period after it receives a request from the USCIS to handle it on an expedited basis.

This court orders as follows:

Within 14 days, the USCIS must order the FBI to expedite the name check on Abusadeh.

Within 60 days from the date the FBI completes the name check and reports the results to the USCIS, or by April 2, 2008, whichever is earlier, the USCIS must report to this court, in writing, as to whether the FBI has completed the name check on Abusadeh and reported the results to the USCIS. If not, the USCIS must report on the status of the name check and the reasons for the failure to complete it.

Within 30 days of receiving the report of the results of the name check from the FBI, the USCIS must decide Abusadeh's naturalization application.

If the decision is to grant the application, the USCIS must permit Abusadeh to be naturalized as a citizen within 30 days.

SIGNED on December 27, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge