IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMAD ABUSADEH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3155 |
| | § | |
| MICHAEL CHERTOFF, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On October 17, 2008, Magistrate Judge Milloy issued a Memorandum and Recommendation, (Docket Entry No. 36), on plaintiff Mohammad Abusadeh's motion for entry of final judgment and application for attorney's fees.  Judge Milloy recommended granting Abusadeh's motion for entry of final judgment, dismissing the case with prejudice, and granting Abusadeh's motion for attorneys' fees.  (Docket Entry No. 36).  Judge Milloy did not make a recommendation on the amount of fees, but instructed Abusadeh to specify the correct amount of fees if this court adopted the memorandum.  The defendants timely filed objections to the Magistrate Judge's Memorandum and Recommendation, (Docket Entry No. 37).  Abusadeh responded to the defendants's objections, (Docket Entry No. 38) and filed two supplemental briefs on the correct amount of fees, (Docket Entry Nos. 44, 45).  Judge Milloy held a hearing on the amount of attorneys' fees on November 25, 2008.

(Docket Entry No. 46). The defendants filed a response to Abusadeh's supplemental briefs, (Docket Entry No. 47), as well as a supplement to their objections, (Docket Entry No. 48).

This court has reviewed Judge Milloy's Memorandum and Recommendation; the defendants's objections; the pleadings, motions, and record; and the applicable law. This court has made a *de novo* determination of the Magistrate Judge's recommended disposition. Rule 72(b), Fed.R.Civ.P.; 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir.1989). Based on that review, this court overrules the defendants's objections and adopts the Memorandum and Recommendation.

**I.     Background**

The Magistrate Judge's opinion and this court's previous memorandum and order set out the background in detail. Briefly, Abusadeh filed this suit for a hearing on his naturalization application under 8 U.S.C. § 1447(b). Section 1447(b) states that if USCIS fails to make a determination on an application within 120 days of the applicant's naturalization examination, the applicant may apply to the United States district court for a hearing to adjudicate the matter or to remand the matter with instructions for USCIS to adjudicate the matter. 8 U.S.C. § 1447(b). Abusadeh filed his application for naturalization with USCIS on April 12, 2004. He was interviewed on August 17, 2004, before the FBI had completed his "name check."

In 2006, Abusadeh filed suit in federal district court in the Southern District of Texas, seeking to have his naturalization application decided. He cited 8 U.S.C. § 1447(b). That case was remanded to the USCIS on the basis that the district court lacked jurisdiction.

Abusadeh filed suit again in 2007 in the District Court for the District of Columbia. That court denied the defendants' motion to dismiss and transferred the suit back to this district. During the pendency of Abusadeh's case, the Fifth Circuit in *Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007), held that federal district courts have jurisdiction over a claim arising from the USCIS's failure to act on a naturalization application within 120 days after the required examination of the applicant. Abusadeh moved for summary judgment, requesting that this court find the defendants unreasonably delayed in processing his naturalization application and order the defendants to complete the background check within a specified period. The defendants did not oppose remand to the USCIS for adjudication of Abusadeh's naturalization application, but opposed setting any time limits. On December 27, 2007, this court granted Abusadeh's motion for summary judgment and required the defendants to complete Abusadeh's background check and adjudicate his naturalization application within a certain period. (Docket Entry No. 24). The motions for entry of final judgment and attorneys' fees followed.

## II.     The Defendants's Objections

The defendants assert several objections to the Memorandum and Recommendation. Most of these objections are fully dealt with in the Magistrate Judge's Memorandum and Recommendation. Two areas merit additional explanation: 1) prevailing party status under the Equal Access to Justice Act ("EAJA"); and 2) whether special circumstances make an award of attorneys' fees unjust in this case.

### A.     Prevailing Party Status

The Supreme Court has held that a party is a "prevailing party" for the purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indp. Sch. Dist.*, 489 U.S. 782, 791 (1989). A "prevailing party" must have achieved a "judicially sanctioned change in the legal relationship of the parties," not merely a voluntary change in the defendant's conduct. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

The Magistrate Judge recommended finding that Abusadeh is a prevailing party because this court's remand order specifically instructed the defendants to expedite adjudication of Abusadeh's naturalization application, the very relief he sought in this suit. The defendants object to this conclusion, arguing that this court's order did not materially alter the legal relationship between the parties because this court did not adjudicate the merits of Abusadeh's naturalization application. The defendants cite *Almudallal v. U.S. Citizenship and Immigration Servs*, 2008 WL 1995360 (N.D. Ohio May 5, 2008), and *Maki v. Gonzales*, 2007 WL 2220532 (D. Utah July 30, 2007), for the proposition that a remand order in a Section 1447(b) case does not confer prevailing party status on the plaintiff. In *Almudallal* and *Maki*, the court held that the plaintiff was not a prevailing party because its remand order had not ruled on the merits of the plaintiff's naturalization application. The court also held

4

that because the USCIS and the district court have concurrent jurisdiction under Section 1447(b), the remand order was not a final judgment and the plaintiff was not a prevailing party under the EAJA.

The decisions in *Almudallal* and *Maki* are distinguishable. In those cases, the court did not order the USCIS to act on the plaintiff's application for naturalization within a certain period of time. *See Almudallal*, 2008 WL 1995360, at *2 (plaintiff asked for order to expedite, defendants asked to remand without instruction, and "[t]he Court took a middle ground and remanded without specific instructions and retained jurisdiction in the event Plaintiff felt satisfactory progress was not being made"); *Maki*, 2007 WL 2220532, at *1 (court remanded to USCIS after plaintiff's naturalization application was granted). The courts's orders merely remanded to USCIS without instruction.

In contrast to *Almudallal* and *Maki*, most courts to address the issue agree that a plaintiff is a prevailing party after achieving a remand order from the district court in response to a Section 1447(b) petition. The courts in these cases hold that a remand order instructing the agency to adjudicate the plaintiff's application within a specified period materially alters the legal relationship between the parties. *See*, *e.g.*, *Shalash v. Mukasey*, 576 F.Supp.2d 902, 2008 WL 4210654, at *5 (N.D. Ill. Sep. 12, 2008) (holding that plaintiff was a prevailing party because the remand order instructed the USCIS to render a final decision on plaintiff's citizenship application by a date certain); *Aarda v. U.S. Citizenship and Immigration Servs.*, Civ. No. 06-1561, 2008 WL 974916, at *5 (D. Minn. Apr. 8, 2008) (holding that by virtue of the court's remand of the application to the USCIS with instructions

to adjudicate it within 120 days, plaintiff was a prevailing party); *Ghanim v. Mukasey*, 545 F.Supp.2d 1146, 1150 (W.D. Wash. 2008) (holding that plaintiff was a prevailing party when the USCIS did not voluntarily act on the naturalization application but was compelled to do so by the court's order remanding with explicit instructions to adjudicate the application by a date certain); *Silebi de Donado v. Swacina*, 486 F.Supp.2d 1360 (S.D. Fla. 2007) (holding that plaintiff was a prevailing party when the court remanded and ordered the government to make a decision on the plaintiff's application within 120 days); *Aboushaban v. Mueller*, 475 F.Supp.2d 943, 946 (N.D. Cal. 2007) (holding that plaintiff who obtained court order requiring the USCIS to adjudicate the plaintiff's application was prevailing party); *Berishev v. Chertoff*, 486 F.Supp.2d 202 (D. Mass. 2007) (holding that plaintiff was prevailing party because the remand order set a deadline to adjudicate the naturalization application).

The objection that Abusadeh is not a prevailing party is overruled.

### B.     Special Circumstances

Notwithstanding prevailing party status, a party is not entitled to attorneys' fees under the EAJA if the government's position was "substantially justified" or if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proof to justify these exceptions to the general fee-shifting rule. *Scarborough v. Principi*, 541 U.S. 401, 403, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004).

The defendants object that the Magistrate Judge did not consider whether special circumstances make an award unjust in this case. The defendants argue that the USCIS's statutory mandate, national security concerns, and agency resources weigh in favor of finding

special circumstances here. The defendants point to the USCIS Ombudsman's 2007 report, which stated that "[a]s of May 2007, USCIS reported a staggering 329,160 FBI name check cases pending, with approximately 64 percent (211,341) of those cases pending more than 90 days and approximately 32 percent (106,738) pending more than one year." The defendants argue that the government's compelling interest in requiring comprehensive background checks and the USCIS's effort to comply with congressional mandates, coupled with the FBI name-check backlog, warrant finding special circumstances that make an award of fees unjust.

This court does not find special circumstances that would make an award of fees unjust in this case. This court is aware of the greatly increased administrative burdens on the USCIS and the FBI since September 11, 2001. But as other courts have noted, the "USCIS could have avoided the present problem entirely by following its own regulations and postponing [Abusadeh's] initial examination[] . . . until after the FBI had processed the background check[]." *See Aboeleyoun v. U.S. Citizenship and Immigration Servs*, 2008 WL 1883564, at *4 (D. Colo. Apr. 25, 2008) (finding that "this is a mess of USCIS's own making"); *see also Walji*, 500 F.3d at 439 (noting that although the FBI faced a backlog of name-check requests since September 11, 2001, USCIS "did not follow its protocol" because it conducted the naturalization interview before the FBI check was completed); *Zheng Liu v. Chertoff*, 538 F.Supp.2d 1116, 1123 (D. Minn. 2008) (rejecting government's assertion of special circumstances based on name-check workload because the government did not provide any explanation why it "created this procedural predicament" and why plaintiff's

"name check, in particular, took so long"). Fees otherwise appropriate under EAJA cannot be denied here based on special circumstances that would make a fee award unjust.

**III.     Conclusion**

This court adopts the Magistrate Judge's Memorandum and Recommendation. Abusadeh's motions for entry of final judgment and for attorneys' fees are granted. Judge Milloy will issue a Memorandum and Recommendation concerning the correct amount of fees. Final judgment is entered by separate order.

SIGNED on December 17, 2008, at Houston, Texas.

                                                Lee H. Rosenthal
                                            United States District Judge