**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MOHAMMAD ABUSADEH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3155 |
| | § | |
| MICHAEL CHERTOFF, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ADOPTING THE MAGISTRATE JUDGE'S**
**MEMORANDUM AND RECOMMENDATION AND ORDERING PAYMENT OF FEES**

On October 17, 2008, Magistrate Judge Milloy issued a Memorandum and Recommendation, (Docket Entry No. 36), on plaintiff Mohammad Abusadeh's motion for entry of final judgment and application for attorney's fees. Judge Milloy recommended granting Abusadeh's motion for entry of final judgment, dismissing the case with prejudice, and granting Abusadeh's motion for attorneys' fees. (Docket Entry No. 36). Judge Milloy did not make a recommendation on the amount of fees, but instructed Abusadeh to specify the correct amount of fees if this court adopted the memorandum. The defendants timely filed objections to the Magistrate Judge's Memorandum and Recommendation, (Docket Entry No. 37). Abusadeh responded to the defendants' objections, (Docket Entry No. 38) and filed two supplemental submissions supporting the fees amount, (Docket Entry Nos. 44, 45). Judge Milloy held a hearing on the amount of attorneys' fees on November 25, 2008. (Docket Entry No. 46). The defendants filed a response to Abusadeh's supplemental briefs, (Docket Entry No. 47), as well as a supplement to their objections, (Docket Entry No. 48). This court overruled the defendants' objections and adopted the Memorandum and Recommendation in an order issued on December 17, 2008.

The prior opinions in this case addressed whether the defendants were entitled to recover fees as prevailing parties, and from what date.  The opinions did not address the amount of fees claimed.  Magistrate Judge Milloy issued a Memorandum and Recommendation on Attorney's Fees on December 14, 2011.  The defendant filed objections on December 27, 2011.

## I.      Background

The Magistrate Judge's memorandum and recommendation and this court's previous memorandum and order set out the background in detail.  Briefly, Abusadeh filed this suit for a hearing on his naturalization application under 8 U.S.C. § 1447(b).  Section 1447(b) states that if USCIS fails to make a determination on an application within 120 days of the applicant's naturalization examination, the applicant may apply to the United States district court for a hearing to adjudicate the matter or to remand the matter with instructions for USCIS to adjudicate the matter.  8 U.S.C. § 1447(b).  Abusadeh filed his application for naturalization with USCIS on April 12, 2004.  He was interviewed on August 17, 2004, before the FBI had completed his "name check."

In 2006, Abusadeh filed suit in federal district court in the Southern District of Texas, seeking to have his naturalization application decided.  He cited 8 U.S.C. § 1447(b).  That case was remanded to the USCIS on the basis that the district court lacked jurisdiction.  Abusadeh filed suit again in 2007 in the District Court for the District of Columbia.  That court denied the defendants' motion to dismiss but granted the motion to transfer venue back to this district.

During the pendency of Abusadeh's case, the Fifth Circuit held that federal district courts have jurisdiction over a claim arising from the USCIS's failure to act on a naturalization application within 120 days after the required examination of the applicant, *Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007).  Abusadeh moved for summary judgment, requesting that this court find the defendants

2

unreasonably delayed in processing his naturalization application and order the defendants to complete the background check within a specified period. The defendants did not oppose remand to the USCIS for adjudication of Abusadeh's naturalization application, but opposed setting any time limits. On December 27, 2007, this court granted Abusadeh's motion for summary judgment and required the defendants to complete Abusadeh's background check and adjudicate his naturalization application within a certain period. (Docket Entry No. 24). The motions for entry of final judgment and attorneys' fees, the magistrate judge's report and recommendation, and the defendants' objections followed. The defendants assert that of the $37,524.84 the plaintiff seeks, all but $9,125.48 is unreasonable because it is not recoverable or the billing entries are so vague, duplicative, or redundant as to make a fee award for them unreasonable.

## II.    Analysis

Under 42 U.S.C § 2000 *et seq.*, the court may allow the prevailing party a reasonable attorney's fee. A prevailing party is one who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quotation marks and citation omitted). "'A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiffs.'" *Berger v. City of Mayfield Heights,* 265 F.3d 399, 406 (6th Cir.2001) (quoting *Farrar v. Hobby,* 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). According to the Supreme Court, "a prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley,* 461 U.S. at 429 (quotation marks and citation omitted). This court has found that the plaintiff is a prevailing party.

This court has also found that the government's positions were not substantially justified. The pending issue is not whether fees should be awarded to the plaintiff but the amount of the fee award.

While courts have considerable discretion in awarding attorney's fees, *Hensley v. Eckerhart,* 461 U.S. at 437, courts must "scrutinize the claim with care" when the government is being called upon to pay. *Copeland v. Marshall,* 641 F.2d 880, 888 (D.C. Cir.1980). The plaintiff has the burden of presenting a well-documented request for the fees it is asking the government to pay. *Hensley,* 461 U.S. at 437; *Kennecott,* 804 F.2d at 767. The most useful starting point for determining whether the amount of attorney's fees being requested is reasonable is to assess the reasonableness of the number of hours expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433.

The defendants renew several objections they made earlier, but in the context of challenging the amount of fees rather than the decision to award fees. The defendants argue that the plaintiff should not recover the fees that were incurred in unsuccessfully opposing the defendants' motion to transfer venue from the District of Columbia to the Southern District of Texas. (Docket Entry No. 56, p. 2). The defendants argue that because the plaintiff was unsuccessful in opposing defendants Motion to Transfer Venue, any time spent in connection with opposing that motion should be denied. Defendants cite to cases similar to *Granzeier v. Middleton,* 173 F.3d 568, 577 (1999), in which the court stated, "[i]f a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." However, *Wooldridge* and similar cases make clear that "[t]he question is not whether a party prevailed on a particular motion . . . [r]ather, the standard is whether a reasonable

4

attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." 898 F.2d at 1177.  The plaintiff's loss, in hindsight, on this venue issue, cannot make the hours expended in preparation for contesting the defendants motion unreasonable.  *See, e.g., Women's Medical Professional Corporation v. Baird, M.D.,* 2003 WL 23777732, 8 (S.D. Ohio) (time spent opposing defendant's motion to transfer venue need not be deducted from EAJA award).

The plaintiff submitted his motion for fees with supporting documentation and affidavits by counsel on their expended hours and related expenses.  A reasonable fee is one that is adequate to attract competent counsel but does not produce a windfall to the attorney. *See Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).  In calculating a statutory award of attorney's fees, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433. The challenge here is not to the hourly rate but to the number of hours spent.  The defendants protest that many of the hours claimed are vague, duplicative, or redundant, and that fees for those specific hours should be denied.

With respect to the number of hours expended, the prevailing party must establish that those hours were "reasonably expended." *See Hensley,* 461 U.S. at 434.  The court may exclude from the lodestar calculation excessive, redundant and unnecessary hours and hours that lack proper documentation. *Hensley,* 461 U.S. at 434.  The standard for assessing "reasonableness" is "whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Industries Corp.,* 898

F.2d at 1177 (6th Cir.1990). The court may exclude from the lodestar calculation excessive and unnecessary hours and hours that lack proper documentation. *Hensley,* 461 U.S. at 434.

The supplemental documentation the plaintiff supplied is sufficiently detailed to permit this court to determine that the hours were actually and reasonably expended in the prosecution of the litigation.  The billing entries are not so vague that this court cannot assess their reasonableness. The documentation also provides a sufficient basis to support the numbers of attorneys and the amount of time spent working on the case.  Although no trial was required, special expertise in immigration law was important.[1]  The record does not support the argument that the staffing arrangement, which called for a less expert lawyer to spend the bulk of the hours, with far fewer hours spent by more expert lawyers reviewing the work, was unreasonable.

The objections to the Magistrate Judge's Memorandum and Recommendation on the plaintiff's motion for attorney's fees are overruled.  The Memorandum and Recommendation is adopted.  This court orders that the defendants pay the plaintiff the sum of $37,524.84 in attorney's fees and expenses under the EAJA.

SIGNED on January 18, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1]  Although the EAJA provides that the statutory cap can be exceeded beyond the cost of living for certain reasons, including a need for special expertise by counsel, 28 U.S.C. § 2412(d)(2)(A), the plaintiff does not seek an enhanced hourly rate.

6